Case 4:25-cv-02985  Document 9  Filed on 07/09/25 in TXSD  Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
July 11, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AHMED HASSAN-AHMED, § <br> A #221079562, § <br>    Petitioner, § <br> § <br> VS. § <br> § <br> WARDEN RAYMOND THOMPSON,[1] § <br> § <br>    Respondent. § | CIVIL ACTION NO. 4:25-CV-02985 |

## ORDER TO ANSWER

The petitioner, Ahmed Hassan-Ahmed (A# 221079562), is currently in custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the Joe Corley Processing Center in Conroe, Texas. Doc. No. 1. Hassan-Ahmed is represented by counsel and has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention. *Id.* Preliminary examination of the petition indicates that an answer is needed. Accordingly, pursuant to 28 U.S.C. § 2241, *et seq.*, the Court **ORDERS** as follows:

1. The Clerk shall deliver copies of the Petition (Doc. No. 1), attachments thereto, and this order to: (1) the United States Attorney for the Southern District of Texas,

---

[1] The petitioner names several parties as respondents, but because the petitioner is in custody at the Joe Corley Processing Center in Conroe, Texas, Warden Raymond Thompson is listed as the only respondent because he is the petitioner's immediate custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004); *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").

1 / 3

Nicholas J. Ganjei, by certified mail return receipt requested to the Civil Process Clerk, United States Attorney's Office, 1000 Louisiana St., Suite 2300, Houston, TX 77002, and by electronic mail to USATXS.CivilNotice@usdoj.gov; (2) the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, D.C. 20530-0001; and (3) Warden Raymond Thompson, Joe Corley Processing Center, 500 Hilbig Road, Conroe, Texas 77301.

2. Respondent(s) shall file an answer or other appropriate responsive pleadings within **sixty (60) days** after the date of service and to forward a copy of same to petitioner. The respondent is advised that under Federal Rule of Civil Procedure 12(d), **if matters outside the pleadings are relied upon, the respondent's motion will be treated as a motion for summary judgment and should be entitled as such**.

3. In addition to any defense (in law or fact) to a claim for relief by the petitioner, the respondent's answer shall contain: (a) a statement of the authority by which the petitioner is held and, if held under the judgment of a court or administrative tribunal, the name of such court or tribunal and the number and style of the case(s) in which those judgments were entered; and (b) a statement as to whether the petitioner has exhausted all available administrative remedies.

4. The petitioner shall file a response within **thirty (30) days** to any dispositive motion filed by the respondent. The petitioner's failure to file a response within thirty days shall result in dismissal of this action for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

5. Each party shall serve the other party, or counsel, with a copy of every pleading, letter or other document submitted for consideration by the court; service shall be by mail to the other party. Every pleading or document filed with the Clerk of Court shall contain a signed certificate stating the date a true and correct copy of the pleading or document was mailed and to whom mailed. Any pleading or other document received by the Clerk which fails to include the certificate of service will be returned to the submitting party. Failure to mail a copy of the pleadings as certified by the certificate will subject the petitioner to sanctions by the court. There will be no direct communications with the U.S. District Judge or Magistrate Judge. Communications must be submitted to the Clerk with copies to the other party.

6. The petitioner must notify the court of any change of address by filing a written notice of change of address with the Clerk. The petitioner must also notify any counsel of record for the respondent. Failure to provide such notice may result in this case being dismissed for want of prosecution.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED on this ___8th___ day of July 2025.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE